| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 3:07CR25-001 |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Rec. Court)* 07CR 711 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Claudesta D. Thompkins | DISTRICT NORTHERN DISTRICT OF INDIANA | DIVISION HAMMOND |
|---|---|---|
| | NAME OF SENTENCING JUDGE HONORABLE ROBERT L. MILLER, Jr | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 08/27/2006 — TO 08/26/2010 |

FILED NOV 13 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

| OFFENSE | |
|---|---|
| Ct 1: Theft of Public Monies   18:641 | JUDGE RONALD GUZMAN MAGISTRATE JUDGE DENLOW |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF INDIANA</u>

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT of ILLINOIS [CHICAGO] upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

October 19, 2007
Date

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT of ILLINOIS [CHICAGO]

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

OCT 2 6 2007
*Effective Date*

_____
*United States District Judge*

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
### CRIMINAL DOCKET FOR CASE #: 3:07-cr-00025-RLM All Defendants
### Internal Use Only

Case title: United States of America v. Thompkins

Date Filed: 03/14/2007
Date Terminated: 08/27/2007

Assigned to: Judge Robert L Miller Jr

**Defendant**

**Claudesta Thompkins (1)**
*TERMINATED: 08/27/2007*

represented by **Claudesta Thompkins**
8231 S Bishop Street
Chicago, IL 60620
PRO SE

**H Jay Stevens - FCD**
Federal Community Defenders Inc - SB/IN
Northern District of Indiana
227 S Main St Suite 100
South Bend, IN 46601
574-245-7393
Fax: 574-245-7394
Email: jay_stevens@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

18:641 THEFT OF FUNDS RESPRESENTED BY UNITED STATES TREASURY CHECK
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:641 THEFT OF FUNDS RESPRESENTED BY UNITED STATES TREASURY CHECK

**Disposition**

defendant placed on probation for a period of 3 years, with conditions

**Disposition**

dismissed on government motion

·(2)

## Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

### Plaintiff

| | | |
| --- | --- | --- |
| **United States of America** | represented by | **John M Maciejczyk - AUSA**<br>US Attorney's Office - SB/IN<br>M01 Federal Building<br>204 S Main Street<br>South Bend, IN 46601-2191<br>574-236-8287<br>Fax: 574-236-8155<br>Email: john.maciejczyk@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 03/14/2007 | 1 | UNSEALED INDICTMENT as to Claudesta Thompkins (1) count(s) 1-2. (sdf) Additional attachment(s) added on 4/3/2007 (Entered: 03/15/2007) |
| 03/14/2007 | 2 | MOTION to seal Indictment by United States of America as to Claudesta Thompkins. (sdf) Additional attachment(s) added on 4/3/2007 (Fikes, Stephanie). (Entered: 03/15/2007) |
| 03/14/2007 | 3 | ORDER granting 2 Motion to seal indictment as to Claudesta Thompkins (1). Signed by Judge Robert L Miller Jr on 3/14/07. (sdf) Additional attachment(s) added on 4/3/2007 (Fikes, Stephanie). (Entered: 03/15/2007) |
| 03/15/2007 | 4 | Arrest Warrant Issued in case as to Claudesta Thompkins. (sdf) (Entered: 03/16/2007) |
| 04/03/2007 | 5 | Initial Appearance as to Claudesta Thompkins set for 4/3/2007 02:00 PM in South Bend before Magistrate Judge Christopher A Nuechterlein. (slm) (Entered: 04/03/2007) |
| 04/03/2007 |  | Case unsealed as to Claudesta Thompkins per chambers' request (jld) (Entered: 04/03/2007) |
| 04/03/2007 | 6 | INITIAL APPEARANCE as to Claudesta Thompkins held on 4/3/2007 before Judge Christopher A Nuechterlein. Govt appeared by atty Kenneth Hays. Dft appeared w/o counsel. Dft advised of const rights charges and |

| | | |
|---|---|---|
| | | poss penalties; Financial Affidavit completed; Dft GRANTED Appointment of counsel; Defendant RELEASED on unsecured bond. Arraignment set for 4/9/2007 02:00 PM in South Bend before Magistrate Judge Christopher A Nuechterlein. (Tape #FTR 4/3/2007.) (slm) (Entered: 04/03/2007) |
| 04/03/2007 | 7 | ORDER Setting Conditions of Release as to Claudesta Thompkins (1). Signed by Judge Christopher A Nuechterlein on 4/3/2007. (slm) (Entered: 04/03/2007) |
| 04/03/2007 | 8 | Unsecured Bond Entered as to Claudesta Thompkins in amount of $ 20,000.00, (slm) (Entered: 04/03/2007) |
| 04/03/2007 | 9 | Arrest Warrant Returned Executed on 4/3/07 in case as to Claudesta Thompkins. (sdf) Modified text on 4/5/2007 (kds). (Entered: 04/04/2007) |
| 04/04/2007 | 10 | ATTORNEY APPEARANCE: H Jay Stevens - FCD appearing for Claudesta Thompkins (Stevens - FCD, H) (Entered: 04/04/2007) |
| 04/09/2007 | 11 | ARRAIGNMENT as to Claudesta Thompkins (1) held on 4/9/2007 before Judge Christopher A Nuechterlein. Govt appeared by atty John Maciejczyk. Dft appeared with atty H Jay Stevens. Defendant enters Not Guilty Plea as to all counts; Pretrial Motions due by 4/30/2007. (2 day) Jury Trial set for 6/18/2007 09:30 AM in South Bend before Judge Robert L Miller Jr. (Tape #FTR 4/9/2007.) (slm) (Entered: 04/09/2007) |
| 04/09/2007 | 12 | ORDER ON DISCOVERY as to Claudesta Thompkins. Signed by Judge Christopher A Nuechterlein on 4/9/2007. (slm) (Entered: 04/09/2007) |
| 04/30/2007 | 13 | MOTION for Extension of Time to File *pretrial motions* by Claudesta Thompkins. (Stevens - FCD, H) (Entered: 04/30/2007) |
| 05/03/2007 | 14 | MOTION for Disclosure *of Tax Returns and Protective Order* by United States of America as to Claudesta Thompkins. (Maciejczyk - AUSA, John) (Entered: 05/03/2007) |
| 05/03/2007 | 15 | WITHDRAWAL of Motion by United States of America as to Claudesta Thompkins re 14 MOTION for Disclosure *of Tax Returns and Protective Order* filed by United States of America (Maciejczyk - AUSA, John) (Entered: 05/03/2007) |
| 05/03/2007 | 16 | ORDER granting Defendant's 13 Motion for Extension of Time. Defendant's Pretrial Motions due by 5/7/2007.. Signed by Judge Robert L Miller Jr on 5/4/07. (sdf) (Entered: 05/04/2007) |
| 05/31/2007 | 17 | NOTICE OF HEARING as to Claudesta Thompkins(01): Change of Plea Hearing set for 6/7/2007 10:00 AM in South Bend before Chief Judge Robert L Miller Jr. (arl) (Entered: 05/31/2007) |
| 06/07/2007 | 18 | PLEA AGREEMENT as to Claudesta Thompkins (Maciejczyk - AUSA, John) (Entered: 06/07/2007) |
| 06/07/2007 | 19 | CHANGE OF PLEA HEARING as to Claudesta Thompkins(01) held on 6/7/2007 before Chief Judge Robert L. Miller, Jr.; parties present; |

| | | |
|---|---|---|
| | | defendant placed under oath; defendant advised of penalties and of her trial rights; Guilty Plea entered by Claudesta Thompkins(1) as to Count 1 and the court accepts the guilty plea; Count 2 to be dismissed at sentencing hearing; Govt appeared by atty John Maciejczyk; Dft appeared with atty H. Jay Stevens; Sentencing hearing set for 8/21/2007 01:00 PM in South Bend before Chief Judge Robert L Miller Jr.; jury trial date of 6/18/2007 is hereby VACATED; defendant release status continued; (Court Reporter L. Spromberg.) (arl) (Entered: 06/07/2007) |
| 08/13/2007 | [20](#) | NOTICE OF HEARING as to Claudesta Thompkins(01): Sentencing hearing reset, on the court's own motion from 8/21/2007 to 8/27/2007 01:00 PM in South Bend before Chief Judge Robert L Miller Jr. (arl) (Entered: 08/13/2007) |
| 08/27/2007 | [21](#) | SENTENCING hearing held on 8/27/2007 for Claudesta Thompkins (1) before Chief Judge Robert L. Miller, Jr.: Parties present; no objections to presentence report; the court hears from parties prior to sentence; no objections to the proposed sentence; on Count 1 the defendant is placed on probation for a period of 3 years, with conditions; defendant to pay a $100 special assessment due immediately and to be made payable to Clerk, U.S. District Court; defendant to pay restitution in the amount of 18,243.63, together with interest required by law, to be made payable to Clerk, U.S. District Court for disbursement to National City Bank and in monthly installments of not less than $10 per month;Govt appeared by atty John Maciejczyk. Dft appeared by atty H. Jay Stevens. Lisa Wirick appeared on behalf of U S Probation/Pretrial Services. (Court Reporter D. Bonk.) (arl) (Entered: 08/28/2007) |
| 08/27/2007 | [22](#) | SENTENCING MEMORANDUM as to Claudesta Thompkins(01). Signed by Chief Judge Robert L Miller Jr on 8/27/07. (arl) (Entered: 08/28/2007) |
| 08/27/2007 | [23](#) | ORDER DISMISSING COUNT for Claudesta Thompkins (1); Count 2 dismissed on government motion. Signed by Chief Judge Robert L Miller Jr on 8/27/2007. (arl) (Entered: 08/28/2007) |
| 08/27/2007 | [24](#) | JUDGMENT as to Claudesta Thompkins (1). Signed by Chief Judge Robert L Miller Jr on 8/27/07. (arl) (Entered: 08/28/2007) |
| 08/27/2007 | | (Court only) ***JS-3 Closing Information Updated ***Case Terminated (arl) (Entered: 08/28/2007) |
| 10/19/2007 | [25](#) | ORDER TRANSFERRING JURISDICTION as to Claudesta Thompkins upon acceptance of jurisdiction by Northern District of Illinois (Chicago). Signed by Judge Robert L Miller Jr on 10/19/07. (2 originals sent to ND of IL) (smp) (Entered: 10/23/2007) |
| 10/26/2007 | [26](#) | ORDER accepting probation jurisdiction as to Claudesta Thompkins. Signed by Judge James F Holderman on 10/26/07. (Attachments: # [1](#) Cover letter) certified copy of indictment, judgment, sentencing memorandum, docket sheet sent(sdf) (Entered: 11/08/2007) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FILED
IN OPEN COURT

MAR 14 2007

At_____ M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DIST. OF INDIANA

| UNITED STATES OF AMERICA | ) | INDICTMENT |
| --- | --- | --- |
| v. | ) | |
| CLAUDESTA THOMPKINS | ) | 18 U.S.C. § 641 |

3:07CR 2  RM

**THE GRAND JURY CHARGES:**

### Count 1

On or about December 16, 2005, in the Northern District of Indiana,

**CLAUDESTA THOMPKINS**

did wilfully and knowingly convert to her own use property of the United States, to wit: funds represented by United States Treasury Check number 4026 39140778, in the value of $9,888.00.

In violation of Title 18, United States Code, Section 641.

STEPHEN R. LUDWIG, CLERK

11/8/07

1

**THE GRAND JURY FURTHER CHARGES:**

## Count 2

On or about December 23, 2005, in the Northern District of Indiana,

**CLAUDESTA THOMPKINS**

did wilfully and knowingly convert to her own use property of the United States, to wit: funds represented by United States Treasury Check number 4026 39140746, in the value of $9,888.00.

In violation of Title 18, United States Code, Section 641.

Dated: February 14, 2007

                                      A TRUE BILL:

                                      s/ Grand Jury Foreperson
                                      Grand Jury Foreperson

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:    s/ John M. Maciejczyk
        John M. Maciejczyk
        Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this court
office.
STEPHEN R. LUDWIG, CLERK

11/8/07

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CR-00025(01)RM |
| ) | |
| CLAUDESTA THOMPKINS ) | |

### SENTENCING MEMORANDUM

In December 2005, Claudesta Thompkins received 2 government checks made out to her for $9,888 each. Despite knowing she wasn't entitled to the money, she cashed both checks and spent the money. As it turns out, these were altered Social Security checks, though Ms. Thompkins says she doesn't know who sent her the checks, and government investigators don't think Ms. Thompkins stole or altered the checks. Ms. Thompkins has pleaded guilty to a charge of theft of public moneys, 18 U.S.C. § 641.

A sentencing court must first compute the guidelines sentence, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Dean, 414 F.3d 725 (7th Cir. 2005). Neither side objected to the presentence report. The court adopts as its own findings ¶¶ 1-64 of the presentence report, specifically including ¶¶ 34-49 concerning the defendant's financial condition and earning ability. The court employs the 2006 version of the sentencing guidelines.

The base offense level of 6, U.S.S.G, § 2B1.1(a)(2), is increased by 4 levels to reflect the loss amount, U.S.S.G. § 2B1.1(b)(1)(C), then reduced by 2 levels to

reflect Ms. Thompkins's clear acceptance of responsibility, U.S.S.G. § 3E1.1(a), producing a final adjusted offense level of 8. Ms. Thompkins has no prior criminal convictions, so the sentencing guidelines recommend a sentence of 0 to 6 months' imprisonment. U.S.S.G. § 5A.

The court is to determine the sentence pursuant to 18 U.S.C. § 3553, United States v. Booker, 125 S. Ct. 738 (2005), seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a). In this case, though, neither party seeks a sentence outside the advisory range and both sides agree that a low-end sentence — probation — is appropriate for this 46-year-old first offender, and the court agrees.

A 3-year term of probation is appropriate. Restitution in the sum of $18,243.63 is mandatory. Ms. Thompkins cannot pay the fines required by the guidelines in addition to restitution even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Claudesta Thompkins, is hereby placed on probation for a term of 3 years.

While on probation, the defendant shall not commit another federal, state, or local crime, shall comply with the fifteen standard conditions of probation that have been adopted by this court.

It is further ordered that the defendant shall make restitution payments to the United States District Court clerk, 102 Robert A. Grant Federal Building, 204 S. Main St., South Bend, Indiana 46601, for disbursement to National City Bank in the sum of $18,243.63. Restitution shall be due in full immediately, and shall be paid in monthly installments of not less than $10.00. The defendant shall notify the United States Attorney for this district within 30 days of any change in mailing or residence address that occurs while any portion of the restitution remains unpaid. If at any time this defendant's restitution payments combine with restitution made on these claims by any other person to amount to an aggregate sum of $18,243.63, together with interest required by law, this defendant shall have no further obligation to make restitution under this order.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

Because this offense is not drug related and this defendant has no recent history of substance abuse, the court declines to order the drug testing ordinarily required as part of a federal criminal sentence.

ENTERED: __August 27, 2007__

/s/ Robert L. Miller, Jr.

                    Chief Judge
                    United States District Court

cc:   C. Thompkins
      J. Stevens
      J. Maciejczyk
      USM
      USPO

4

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of INDIANA

UNITED STATES OF AMERICA
V.

CLAUDESTA THOMPKINS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 3:07-CR-00025(01)RM

USM Number: 09216-027

H. Jay Stevens
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:641 | Theft of Public Monies | 12-12-05 | 1 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s) 2 X is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 27, 2007
Date of Imposition of Judgment

/s/ Robert L. Miller, Jr.
Signature of Judge

ROBERT L. MILLER, JR., CHIEF JUDGE
Name and Title of Judge

August 27, 2007
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this court

STEPHEN R. LUDWIG, CLERK

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 4—Probation

Judgment—Page   2   of   3  

DEFENDANT:    CLAUDESTA THOMPKINS
CASE NUMBER:    3:07-CR-00025(01)RM

## PROBATION

The defendant is hereby sentenced to probation for a term of :    three (3) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support the defendant's dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 3 of 3

**DEFENDANT:** CLAUDESTA THOMPKINS
**CASE NUMBER:** 3:07-CR-00025(01)RM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 18,243.63 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make special assessment and restitution payment(s) payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Building, 204 S. Main Street, South Bend Indiana 46601. Restitution for the following payee(s) in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| National City Bank |  | 18,243.63 |  |
| Special Assessment and Restitution shall both be due in full immediately, and restitution shall be paid in monthly installments of not less than $10.00. The defendant shall notify the United States Attorney for this district within 30 days of any change in mailing or residence address that occurs while any portion of the restitution remains unpaid. It at any time this defendant's restitution payments combine with | restitution made on these claims by any other person to amount to aggregate sum of $18,243.63, together with interest required by law, this defendant shall have no further obligation to make restitution under this order |  |  |
| **TOTALS** | $ _____ | $ 18,243.63 |  |

X  Restitution amount ordered pursuant to plea agreement $ 18,243.63

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.